IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEVE SAMUDIA | § | |
| v. | § | CIVIL ACTION NO. 9:09cv182 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Steve Samudia, proceeding *pro se*, filed this application for the writ of
habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action
taken against him. This Court ordered that the matter be referred to the United States Magistrate
Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of
Local Rules for the Assignment of Duties to United States Magistrate Judges.

Samudia complains of a disciplinary case which he received for threatening to inflict
harm on an officer, for which he was sentenced to 15 days of cell restriction, 45 days of
commissary restriction, remaining in Line Class III, and the loss of 364 days of good time
credits. In his petition, he says that there was insufficient evidence to support the conviction, he
was denied the right to attend the hearing, he was not allowed to call witnesses or present
documentary evidence, and the disciplinary hearing officer was not impartial because she was
the wife of the officer whom he allegedly threatened.

The Magistrate Judge ordered the Respondent to answer, and Samudia has filed a
response to the answer. On April 12, 2010, the Magistrate Judge issued a Report recommending

1

that the petition be dismissed. Upon review of the records, the Magistrate Judge determined that Samudia was not eligible for release on mandatory supervision and thus he did not show that the punishments imposed as a result of the disciplinary case implicated any constitutionally protected liberty interests. *See* <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). The Magistrate Judge further recommended that Samudia be denied a certificate of appealability *sua sponte*. Samudia filed objections to the Magistrate Judge's Report on April 30, 2010.

In his objections, Samudia says that the Magistrate Judge failed to address the question of the sufficiency of the evidence and that the tape of the hearing shows that the evidence was insufficient to support the conviction. He says that when a prison disciplinary hearing may result in the forfeiture of good time credits, the prisoner is entitled to a written statement by the fact-finder of the evidence relied upon, citing <u>King v. Wells</u>, 760 F.2d 89 (6th Cir. 1985). Samudia says that the evidence relied on to support the finding of guilt "is not an issue any more" because the charging officer testified at the hearing that Samudia had not threatened Lt. English. He argues again that the Magistrate Judge erred by failing to address the issue of the sufficiency of the evidence to support the finding of guilt.

Samudia does not allude to the question of whether a protected liberty interest was implicated by the punishments imposed in the disciplinary case, which is the issue upon which the Magistrate Judge focused. A review of the record shows that the Magistrate Judge correctly determined that Samudia has not shown the violation of a constitutionally protected liberty interest, and consequently that Samudia has no basis for federal habeas corpus relief.  The case cited by Samudia pre-dates <u>Sandin</u> and has no bearing on the issue in this case, which concerns whether or not a constitutionally protected liberty interest has been infringed. Without a

constitutionally protected liberty interest, Samudia's objections concerning the sufficiency of the evidence, his ability to attend the hearing and present evidence, and the hearing officer's bias[1] do not state a due process violation. Samudia's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Steve Samudia is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **June, 2010.**

_____
Ron Clark, United States District Judge

---

[1] However, the State may be well advised to review the TDCJ-CID Disciplinary Rules and Procedures for Offenders to prevent future disciplinary hearings from being tainted with the appearance of impropriety that arises when a hearing officer reviews an incident that involved his or her spouse.